Filed 11/19/21  In re Joseph W. CA2/3

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### SECOND APPELLATE DISTRICT

### DIVISION THREE

| | |
|---|---|
| In re JOSEPH W. et al., Persons Coming Under the Juvenile Court Law. | B312178 |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>T.W.,<br><br>Defendant and Appellant. | Los Angeles County Super. Ct. No. 18LJJP00584D–E |

APPEAL from orders of the Superior Court of Los Angeles County, Steff R. Padilla, Judge Pro Tempore. Appeal dismissed.

Christopher R. Booth, under appointment by the Court of Appeal, for Defendant and Appellant.

Rodrigo A. Castro-Silva, County Counsel, Kim Nemoy, Assistant County Counsel, and Veronica Randazzo, for Plaintiff and Respondent.

## INTRODUCTION

T.W. (father) appeals from the juvenile court's disposition orders declaring his two minor children dependents of the court and removing them from his custody after it found he physically abused both children. On appeal, father argues insufficient evidence supports the court's removal orders or, in the alternative, the court abused its discretion when it awarded him monitored visits with the children. While this appeal was pending, the court returned the children to father's custody, rendering father's challenge to the removal and visitation orders moot. We therefore dismiss the appeal.

## BACKGROUND

Father has two minor sons, Joseph and Elias.[1] In November 2020, the Department of Children and Family Services (Department) filed a dependency petition on the children's behalf under Welfare and Institutions Code section 300, subdivisions (a), (b), and (j), alleging: (1) father physically abused Elias by repeatedly hitting the child with a belt across the arms, back, and face and by striking the child's face with his hand (a-1, b-1, and j-1 allegations); and (2) father physically abused Joseph by striking the child's buttocks, back, and legs with a belt (a-2, b-2, and j-2 allegations).

The court held the combined jurisdiction and disposition hearing in March 2021. The court sustained the a-1 and a-2 allegations as pled in the petition and dismissed the other allegations. The court declared Joseph and Elias dependents of

---

[1] Throughout these proceedings, the whereabouts of the children's mother were unknown. She is not a party to this appeal.

the court and removed them from father's custody. The court awarded father monitored visits with the children and ordered the Department to provide him reunification services.

Father appealed from the disposition orders.

On October 6, 2021, while this appeal was pending, the court returned Joseph and Elias to father's custody while continuing to exercise jurisdiction over the children.[2]

## DISCUSSION

On appeal, father challenges only the court's orders removing Joseph and Elias from his custody and awarding him monitored visits with the children. Father does not challenge his court-ordered case plan or the court's jurisdiction findings.

Generally, an appeal becomes moot when subsequent events, such as an order by the juvenile court, renders it impossible for the reviewing court to grant the appellant effective relief. (*In re D.N.* (2020) 56 Cal.App.5th 741, 757.) In light of the court's October 6, 2021 orders, we cannot afford father any effective relief since those orders provided him all the relief he seeks on appeal—i.e., the return of Joseph and Elias to his custody. Because father did not file a reply brief after the

---

[2] On October 8, 2021, the Department filed a letter brief attaching the court's October 6, 2021 minute orders returning Joseph and Elias to father's custody. Father's reply brief was due in late October 2021, after the Department filed its letter brief. Father didn't file a reply brief and did not challenge the authenticity of the minute orders attached to the Department's letter brief. On our own motion, we take judicial notice of the court's October 6, 2021 minute orders. (Evid. Code, § 452, subd. (d); see *In re N.S.* (2016) 245 Cal.App.4th 53, 58 [appellate courts in dependency cases routinely consider postjudgment rulings that affect their ability to grant effective relief].)

Department brought the court's minute orders to our attention, and he otherwise has not urged us to exercise our discretion to consider the merits of his arguments on appeal, we dismiss his appeal as moot. (See *In re J.A.* (2020) 47 Cal.App.5th 1036, 1050–1051 [" ' "When no effective relief can be granted, an appeal is moot and will be dismissed." ' "].)

## DISPOSITION

The appeal is dismissed as moot.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


LAVIN, J.

WE CONCUR:


EDMON, P. J.


WINDHAM, J.*

---

* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.